IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


TRAVIS NORMAN, # 06910-025,       )
                                  )
        Petitioner,         )
                                  )
vs.                               )     Case No. 13-cv-1116-DRH
                                  )
JAMES CROSS,                      )
                                  )
        Respondent.         )


## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner, currently incarcerated in FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his sentence. The petition was filed on October 30, 2013.

### I.    Background

Petitioner pled guilty in the Eastern District of Missouri to one count of assault on a federal officer in violation of 18 U.S.C. § 113(a)(3), and to possession with intent to distribute 50 grams or more of crack cocaine in violation of 18 U.S.C. § 841(a)(1) (Doc. 1, pp. 11-12). *United States v. Norman*, Case No. 05-cr-745-HEA-1 (E.D. Mo.). Two other counts (armed career offender and use of firearm in furtherance of a crime of violence) were dismissed as part of the plea.

The negotiated plea agreement provided for a joint recommendation to the court for a sentence of at least 240 months. Petitioner's past convictions qualified him for sentencing as a career offender. According to his Pre-Sentence Report ("PSR"), the cocaine base (crack) charge was petitioner's highest offense. The court found him responsible for 100-300 grams of crack cocaine. Based on that quantity, the PSR calculated his applicable sentencing guideline range to be 168-210 months (Doc. 1, p. 12). Under the career offender guidelines, petitioner would have been exposed to a sentencing range of 262-327 months. However, petitioner asserts that if he had been charged with an equivalent amount of powder cocaine (100-300 grams), his sentencing guideline range would have been only 46-57 months, under the 100-to-1 powder/crack cocaine sentencing ratio in use at the time.

On July 24, 2007, the court sentenced petitioner to 240 months, as contemplated in the plea agreement. Petitioner did not pursue a direct appeal, nor did he file a motion to vacate his sentence under 28 U.S.C. § 2255 within the one-year time limit. He later sought leave from the Eighth Circuit to file a successive § 2255 motion, in which he would have raised the same arguments he now brings in the instant case (Case No. 10-1601, denied May 4, 2010). On July 22, 2010, while petitioner was incarcerated in the Eastern District of Texas, he filed a habeas petition there pursuant to 28 U.S.C. § 2241, again raising the same challenge to his sentence he brings herein. *Norman v. Fox*, Case No. 10-cv-420-RC-KFG (E.D. Tex., dismissed Sept. 10, 2010).

Finally, petitioner brought two motions in his criminal case requesting retroactive application of the lowered crack cocaine sentencing guidelines to reduce his sentence, pursuant to 18 U.S.C. § 3582. The first was filed *pro se* on January 5, 2012 (Doc. 74 in criminal case; denied Feb. 9, 2012), and the next was filed by the federal public defender on April 2, 2012 (Doc. 84 in criminal case). It appears from the electronic docket sheet that this motion may still be under consideration by the sentencing court, as no order denying the motion has been docketed.

## II.     The § 2241 Petition

Petitioner asserts in the instant pleading that the sentencing scheme in 21 U.S.C. § 841(b), which sets longer sentences for crack cocaine offenses than for powder cocaine offenses involving the same weight of drug,[1] is racially discriminatory and violates the Thirteenth Amendment to the Constitution as well as the Civil Rights Act ("CRA") of 1866 (Doc. 1, pp. 6, 24-28). In support of this argument, he points to the efforts made by the United States Sentencing Commission to reduce or eliminate the 100-to-1 powder/crack cocaine ratio (Doc. 1, pp. 14-15). Petitioner notes the Commission's observation that the harsher crack sentences disproportionately affected black defendants. He also reviews at length the congressional debates over legislation aimed at eliminating the sentencing disparity in favor of a 1-to-1 ratio, as well as several district court opinions adopting the 1-to-1 ratio for sentencing (Doc. 1, pp. 15-22).

---

[1] At the time of petitioner's conviction, the sentencing ratio was 100-to-1 (the sentence for one gram of crack was the same as for 100 grams of powder cocaine). The Fair Sentencing Act of 2010 lowered this ratio to 18-to-1, effective August 3, 2010.

Petitioner argues that he could not have raised this challenge in a § 2255 motion, because as of the time that motion would have been due, "Congress had not admitted . . . that the crack law was racially discriminatory" (Doc. 1, p. 4). Further, federal appellate courts were all "in agreement that crack and powder cocaine were two different drugs" (Doc. 1, p. 30). Because members of Congress have now admitted "that they made a mistake in implementing any ratio between crack/powder cocaine offenses," Congress "exceeded its legislative authority under the 13th Amendment and the CRA of 1866" in enacting any ratio at all (Doc. 1, p. 31). He argues that the sentencing disparity runs afoul of the Thirteenth Amendment because its disparate impact on black citizens is akin to a "badge of slavery," which has been prohibited (Doc. 1, pp. 24-25). He asserts that his jurisdictional challenge to the sentencing ratio in § 841(b) can be brought at any time (Doc. 1, p. 31).

As relief, petitioner asks that his sentence be vacated, and that the matter be remanded back to the trial court for resentencing without reference to any crack/powder cocaine ratio (Doc. 1, p. 8).

### III. Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully

reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Ordinarily, a person may challenge his federal sentence only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e). 28 U.S.C. § 2255(e). The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; *see United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that petitioner may be barred from bringing a second or successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit recently reiterated the rule that a § 2241 petition can only be used to attack a conviction or sentence when the § 2255 remedy "is

inadequate or ineffective to test the legality of [the prisoner's] detention." *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (internal citations omitted). " 'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.' " *Id.* (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)). Actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime; instead, he argues that he should not have been sentenced under the 100-to-1 sentencing ratio that applied to crack cocaine offenses at the time. Despite the fact that some members of Congress, judges, and others have criticized and even departed from the 100-to-1 and the current 18-to-1 sentencing ratios, those opinions and actions do not establish that petitioner's conduct is no longer criminal or that his sentence was unconstitutional.

The crux of petitioner's argument is that any sentencing ratio that elevates the penalty for a crack cocaine offense beyond that for the same amount of powder cocaine runs afoul of the Thirteenth Amendment. This argument is not based on any new legal theory that was not available to petitioner at the time he should have filed a § 2255 motion. Petitioner is correct that the crack/powder

ratio has come under sharp criticism since the time he was sentenced, as evidenced by the changes made to the statute and sentencing guidelines. For example, the United States Sentencing Commission reported to Congress in 2002 that the 100-to-1 ratio was not warranted. United States Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing Policy, 91 (May 2002) (quoted in *United States v. Kimbrough*, 552 U.S. 85, 97 (2007)). As early as 1995, the Commission sought to amend the sentencing guidelines to reflect a 1-to-1 ratio. *Kimbrough*, 552 U.S. at 99. Sentencing judges are now free to depart from the sentencing guidelines, *see United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010), and it appears that petitioner's sentencing court properly referred to the guidelines as advisory only.

The constitutional argument petitioner raises herein could have been raised in a § 2255 motion, had he presented one within the applicable time limits. Indeed, others have challenged the 100-to-1 sentencing ratio on equal protection grounds, raising a similar disparate-racial-impact theory under the Fifth Amendment. The Seventh Circuit has consistently found that the sentencing scheme withstands such challenges. *United States v. Chandler*, 996 F.2d 917 (7th Cir. 1993); *see also United States v. Moore*, 644 F.3d 553 (7th Cir. 2011) (following *Chandler* and finding that 100-to-1 ratio survives due process challenge).

A § 2255 proceeding will be considered inadequate only if prior binding precedent had foreclosed petitioner from bringing his arguments in a § 2255

motion. *Hill v. Werlinger*, 695 F.3d 644, 648-49 (7th Cir. 2012) (citing *Morales v. Bezy*, 499 F.3d 668 (7th Cir. 2007). That is not the case here. Therefore, § 2255 does not prove to be an inadequate remedy for petitioner's current claims, and this action is subject to dismissal.

## IV. Disposition

Petitioner has not demonstrated that § 2255 is an inadequate remedy for his claims. Thus, consistent with *In re Davenport*, he cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED** with prejudice.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $455.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed

pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
Signed this 25th day of November, 2013.

Digitally signed by David R. Herndon
Date: 2013.11.25 12:16:46 -06'00'

**Chief Judge
United States District Court**